IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY EUGENE GOODSPEED,

    Petitioner,　　　　　　　　　No. 2:08-cv-1947 JFM (HC)

  vs.

PLACER COUNTY SHERIFF,　　　　　<u>ORDER AND</u>

    Respondent.　　　　　　　　　<u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

       Petitioner states he was arrested on March 29, 2008 and is presently being held in the Placer County Jail awaiting trial. Petitioner claims that his constitutional right to a speedy trial is currently being violated by respondent's failure to arraign him, grant him a bail hearing, allow him to file documents on his own behalf in the criminal proceeding, and hold a preliminary hearing. Petitioner contends he is being denied his rights under <u>Faretta v. California</u>, 422 U.S. 806 (1975), and that he has been held in custody for over 140 days even though he has not waived time under the Speedy Trial Act.

       This case is subject to dismissal based on procedural grounds. Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Id.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Section 2254 of Title 28 of the United States Code provides for the filing of an application for a writ of habeas corpus by "a person in custody pursuant to the judgment of a State court. . . ." Petitioner is not in custody pursuant to the judgment of a State court. Accordingly, section 2254 is not the proper basis for petitioner's application.

The other habeas statute applicable to petitioner's petition is 28 U.S.C. § 2241. Section 2241 provides for writs of habeas corpus to be granted to, inter alia, "a prisoner . . . in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). See Braden v. Judicial Circuit Court, 410 U.S. 484, 503, 93 S.Ct. 1123 (1973) (Rehnquist, J., dissenting) (Section 2241(c)(3) "empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding."); Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir.2001) (explaining that a state court defendant attacking his pretrial detention should bring a habeas petition under 28 U.S.C. § 2241 ); Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998) (same).

The California Supreme Court denied the instant petition without citation. The last reasoned opinion was issued by the Placer County Superior Court on August 1, 2008, and recites the following from the state court record:

> Petitioner was arrested on April 2, 2008, and his arraignment was set for April 4, 2008. The arraignment was not completed as scheduled, however, because the court declared a doubt under Penal Code section 1368 as to petitioner's competence to stand trial. Criminal proceedings were suspended until May 27, 2008,

> when petitioner was declared competent. Petitioner's arraignment was completed on May 29, 2008. Because the criminal proceedings were suspended from April 4 and May 27, one of that time counts against the statutory time limit for prosecuting the case.
>
> The preliminary hearing was held on June 9, 2008, well within the ten court days required by Penal Code section 1382. Petitioner was held to answer on his charges and his arraignment on the Information was held on June 23, 2008, well within the required 15 calendar days. Petitioner's jury trial has been set for August 18, 2008, again well within the 60 days required by law. There is no showing petitioner has been denied his right to a speedy criminal process.

Petition, Ex. 2 at 2. The state court noted petitioner's attorney of record acknowledged receiving a copy of the charging document as reflected in the court's minutes of June 23, 2008, and that review of the court's minutes do not reflect petitioner ever requested to represent himself. Id. at 2-3. Finally, the court confirmed that petitioner's case was set for jury trial, not a court trial. Id. at 3.

    Principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014, 101 S.Ct. 573 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. Carden, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance). Because petitioner has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this court will abstain and dismiss the petition without prejudice. See id. at 84. Petitioner's desire to represent

himself is a matter that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/mp/001
good1947.156

4